## IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF TEXAS
## FORT WORTH DIVISION

| | | |
|---|---|---|
| **JESSE BAKER,** | § | Civil Action No. 4:21-cv-1260 |
| | § | |
| *Plaintiff* | § | **NOTICE OF REMOVAL** |
| | § | |
| **vs.** | § | State Court No. 153-329311-21 |
| | § | (Tarrant County Judicial District Court) |
| **GENERAL MOTORS LLC,** | § | |
| | § | |
| *Defendant.* | § | JURY TRIAL DEMANDED |
| | § | |

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, Defendant General Motors LLC ("GM LLC") hereby removes the above-captioned case to the United States District Court for the Northern District of Texas, Fort Worth Division. The grounds for removal are as follows:

### THIS COURT HAS REMOVAL JURISDICTION

1.      Plaintiff Jesse Baker ("Plaintiff") commenced this litigation against GM LLC in the 153rd Judicial District Court, Tarrant County, Texas, Case No. 153-329311-21. *See* Exhibit A – Plaintiff's Original Petition ("Petition").

2.      Federal law permits defendants sued in state court to remove a "civil action . . . of which the district courts of the United States have original jurisdiction . . . to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a).

3.      Because Tarrant County, Texas is within this Court's judicial district, this Court "embrac[es] the place where [this] action is pending" and has removal jurisdiction under 28 U.S.C. § 1441(a).

4.      Venue is proper in this Court pursuant to 28 U.S.C. §§ 115 and 1441(a), because the United States District Court for the Northern District of Texas, Fort Worth Division is the federal judicial district and division that covers the 153rd Judicial District Court for Tarrant County, Texas, where this action was originally filed.

## THERE IS COMPLETE DIVERSITY OF CITIZENSHIP

4.      This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332. Federal law defines this Court's "original jurisdiction" to include actions where (1) there is complete diversity between plaintiff(s) and defendant(s); and (2) the amount in controversy exceeds $75,000, exclusive of interest and costs. *See* 28 U.S.C. § 1332.

5.      For diversity jurisdiction, a person is a citizen of the state in which he or she is domiciled. *Newman-Green, Inc. v. Alfonzo-Larrain*, 490 U.S. 826, 828 (1989). "[D]omicile is established by physical presence in a place in connection with a certain state of mind concerning one's intent to remain there." *Mississippi Band of Choctaw Indians v. Holyfield*, 490 U.S. 30, 48 (1989). The Petition states Plaintiff is a citizen of Missouri.

5.      GM LLC was at the time of filing of the lawsuit and is still a limited liability company organized under the laws of the State of Delaware with its principal place of business in the State of Michigan. As a result, for purposes of the Court's diversity jurisdiction, GM LLC's citizenship is that of each of its members. *Grupo Dataflux v. Atlas Global Group, L.P.*, 541 U.S. 578, 586 n. 1 (2004) ("Although the Court has never ruled on the issue, Courts of Appeals have held the citizenship of each member of an LLC counts for

diversity purposes."); *OnePoint Sols., Ltd. Liab. Co. v. Borchert*, 486 F.3d 342, 346 (8th Cir. 2007) ("An LLC's citizenship, for purposes of diversity jurisdiction, is the citizenship of each of members.") (citation omitted). The only member of GM LLC is General Motors Holdings LLC. General Motors Holdings LLC, also a Delaware limited liability company with its principal place of business in Michigan. The only member of General Motors Holdings LLC is General Motors Company. General Motors Company is also a Delaware corporation with its principal place of business in Michigan. Thus, for purposes of the diversity analysis, GM LLC is a citizen of Delaware and Michigan.

7.      Complete diversity exists because Plaintiff has pleaded that he is a citizen of Missouri and GM LLC is a citizen of Delaware and Michigan.

<u>THE AMOUNT IN CONTROVERSY IS SATISFIED</u>

9.      The amount in controversy requirement of 28 U.S.C. § 1332 is also satisfied. Under 28 U.S.C. § 1332(a), the amount in controversy in a case where federal jurisdiction is based on diversity of citizenship must exceed $75,000, exclusive of interest and costs. As the Supreme Court has made clear, "a defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 554 (2014); *see also Kessler v. Nat'l Enters., Inc.*, 347 F.3d 1076, 1081 (8th Cir. 2003) (holding that the amount-in-controversy requirement is not met only when "'it appears to a legal certainty that the claim is really for less than the jurisdictional amount.'") (citation omitted); 28 U.S.C. § 1446(c)(2) ("the notice of removal may assert the amount in controversy").

10.      Plaintiff further alleges, *inter alia*, that he sustained "severe injuries to his head, arms, brain, internal organs, and other parts of his body."  *See* Exhibit A at ¶ 11.  He seeks

damages for "severe pain, physical impairment, discomfort, disfigurement, disability, mental anguish, and distress … loss of earnings in the past, as well as a loss of future earning capacity … pharmaceutical and medical expenses in connection with his injuries." *Id.*  Pursuant to Texas Rule of Civil Procedure 47, Plaintiff specifically seeks monetary relief over $1,000,000.00."  *Id.* at ¶ 12.

11.    GM LLC denies that Plaintiff is entitled to any monetary or other relief, but Plaintiff has clearly pleaded that the amount in controversy exceeds the jurisdictional threshold. *Dart Cherokee*, 135 S. Ct. at 554.  The jurisdictional amount-in-controversy requirement under § 1332(a) is satisfied.

### THIS NOTICE OF REMOVAL IS PROPER

12.    There is complete diversity between Plaintiff and GM LLC and the amount in controversy exceeds $75,000 exclusive of interest and costs.  Diversity jurisdiction therefore exists under 28 U.S.C. § 1332, and this case falls within this Court's jurisdiction under 28 U.S.C. § 1441(a).

13.    In accordance with 28 U.S.C. § 1446(b), attached as Exhibit A is a copy of "all process, pleadings, and orders served upon" GM LLC in this litigation.

14.    Pursuant to 28 U.S.C. § 1446(b), this Notice of Removal is filed within 30 days of the first date on which GM LLC received notice of the pleadings setting forth the claims for relief on which this removal is based.

15.    Pursuant to 28 U.S.C. § 1446(d), the undersigned certifies that immediately after the filing of this Notice of Removal in this Court, a Notice of Filing Notice of Removal will be filed in the 153rd Judicial District Court of Tarrant County, Texas, and will be served on all parties.

16.     If any question arises as to the propriety of the removal of this action, GM LLC requests the opportunity to present a brief and requests oral argument in support of removal.

WHEREFORE, Defendant GM LLC gives notice that the above-captioned litigation has been removed from the 153rd Judicial District Court of Tarrant County, Texas to the United States District Court for the Northern District of Texas, Fort Worth Division.

RESPECTFULLY SUBMITTED,

DYKEMA GOSSETT PLLC

By:     /s/ Clay Cossé
        CLAY A. COSSÉ
        State Bar No. 24071246
        E–Mail:  ccosse@dykema.com
        Comerica Bank Tower
        1717 Main Street, Suite 4200
        Dallas, Texas 75201
        Telephone:  (214) 462-6400
        Facsimile:   (214) 462-6401
        And
        BRIAN T. SMITH (PHV PENDING)
        E-Mail: btsmith@dykema.com
        JOHN D. BLACK (PHV PENDING)
        E-Mail: jblack@dykema.com
        39577 Woodward Avenue, Suite 300
        Bloomfield Hills, MI 48304
        Telephone: (248) 203-0515
        Facsimile: (855) 348-5378
        **ATTORNEYS FOR**
        **GENERAL MOTORS LLC**

## CERTIFICATE OF SERVICE

On November 12, 2021, I electronically submitted the foregoing document with the clerk of court for the U.S. District Court, Northern District of Texas, using the electronic case filing system of the court.  I hereby certify that I have served all counsel of record electronically or by another manner authorized by Federal Rule of Civil Procedure 5(b)(2).

/s/ Clay A. Cossé

.

# EXHIBIT A

153-329311-21

FILED
TARRANT COUNTY
9/27/2021 1:47 PM
THOMAS A. WILDER
DISTRICT CLERK

CAUSE NO. _____

| | | |
|---|---|---|
| Jesse Baker, | § | IN THE DISTRICT COURT OF |
| *Plaintiff* | § | |
| | § | |
| vs. | § | TARRANT COUNTY, TEXAS |
| | § | |
| General Motors LLC, | § | |
| *Defendant* | § | ___TH JUDICIAL DISTRICT |

## PLAINTIFF'S ORIGINAL PETITION

Plaintiff Jesse Baker files this Original Petition complaining of Defendant **General Motors LLC** ("GM" or "Defendant"), and for cause of action respectfully shows unto the Court as follows:

### I.
### DISCOVERY LEVEL

1.    Plaintiff pleads level 2.

### II.
### JURISDICTION AND VENUE

2.    This is a tort claim for personal injuries under Texas common law. Jurisdiction and venue is proper in this Court because the acts and omissions giving rise to Plaintiff's claims occurred in Tarrant County, Texas. TEX. CIV. PRAC. REM. CODE § 15.002(a)(1). Removal is improper under 28 U.S.C. § 1441(b)(2).

### III.
### PARTIES

3.    Plaintiff Jesse Baker resides in Missouri.

4.    Defendant **General Motors LLC** is a foreign company registered to conduct business in Texas. It may be served via its registered agent: Corporation Service Company

d/b/a CSC-Lawyers Incorporating Service Company; 211 E. 7th Street, Suite 620 Austin, TX 78701-4234 USA.

## IV.
### FACTS

5.     This lawsuit is necessary as a result of an accident that occurred on or about September 3, 2021 at GM's plant in Arlington, Texas.

6.     On or about that time, Plaintiff Jesse Baker was severely injured while welding a job box during a turnaround at the GM plant when the job box exploded. On information and belief—and unknown to Plaintiff at the time—the job box was hazardous and dangerous because it contained a cannister leaking flammable gas. On information and belief, GM provided the job box to Plaintiff through his employer without warning of the dangerous condition or taking reasonable steps to ensure the job box was safe even though GM had actual knowledge of the dangerous condition.

7.     At all relevant times, GM exercised and/or retained some control over the manner and means by which Plaintiff performed his work during the turnaround. GM provided tools and equipment used to perform the work; set sitewide rules and procedures governing the work; and directly supervised aspects of Plaintiff's work. GM's authority exceeded the ability to stop work and check in on the progress of the work such that Plaintiff was not free to his job in the manner he saw fit.

8.     As a result of the explosion, Plaintiff sustained severe injuries, including fractures in his face; a spleen laceration; brain bleeding; burns to his arms and face; and injuries to other parts of his body.

## V.
## CLAIMS AND CAUSES OF ACTION AGAINST GM

9.      GM committed acts of negligence, negligence *per se*, and gross negligence, including:

- Failing to maintain its premises in a reasonable and safe condition;

- Failing to enact and enforce adequate safety rules, including but not limited to rules relating to equipment inspection, provision of equipment, use of flammable gases and/or cannisters or other devices containing flammable gases;

- Failing to warn Plaintiff of a known, dangerous condition;

- Providing unreasonably dangerous equipment to subcontractors, including Plaintiff;

- Failing to ensure equipment is adequately inspected before it is provided to subcontractors;

- Failing to ensure adequate inspections of equipment;

- Failing to supervise and/or monitor the work of subcontractors subject to its actual control or retained right to control;

- Vicariously liability for the acts and/or omissions of their employees;

- Failing to hire, manage, train, and supervise competent employees; and

- Other acts deemed negligent.

10.     These acts and/or omissions proximately caused Plaintiff's injuries and damages. Further, GM acted knowingly and/or recklessly, committing gross negligence. Accordingly, Plaintiff is entitled to exemplary damages.

3

11.     As a result of said occurrences, Plaintiff sustained severe injuries to his head, arms, brain, internal organs, and other parts of his body. Plaintiff has sustained severe pain, physical impairment, discomfort, disfigurement, disability, mental anguish, and distress.  In all reasonable probability, Plaintiff's physical pain, physical impairment and mental anguish will continue indefinitely. Plaintiff has also suffered a loss of earnings in the past, as well as a loss of future earning capacity. Plaintiff has incurred and will incur pharmaceutical and medical expenses in connection with his injuries.

12.     Plaintiff has been damaged in a sum far in excess of the minimum jurisdictional limits of this Honorable Court, for which he now sues. Pursuant to Rule 47, Plaintiff seeks monetary relief within the jurisdictional limits of this Court and over $1,000,000.00.

## VI.
### JURY DEMAND

13.     Plaintiff hereby demands a trial by jury on all issues.

### PRAYER

Plaintiff prays that this citation issue and be served upon GM in a form and manner prescribed by law, requiring that GM appear and answer, and that upon final hearing, Plaintiff has judgment against GM in a total sum in excess of the minimum jurisdictional limits of this Court, plus pre-judgment and post-judgment interests, all costs of Court, and all such other and further relief, to which he may show himself justly entitled.

DATED: September 27, 2021

Respectfully submitted,

ARNOLD & ITKIN, LLP

/s/ Ben Bireley

Jason A. Itkin
Texas Bar No. 24032461
Noah M. Wexler
Texas State Bar No. 24060816
Ben Bireley
Texas State Bar No. 24076086
6009 Memorial Drive
Houston, Texas 77007
Telephone: (713) 222-3800
Facsimile: (713) 222-3850
jitkin@arnolditkin.com
nwexler@arnolditkin.com
bbireley@arnolditkin.com
e-service@arnolditkin.com

*Plaintiff's Attorneys*

## Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Narissa Espinal on behalf of Jason Itkin
Bar No. 24032461
nespinal@arnolditkin.com
Envelope ID: 57627918
Status as of 9/27/2021 1:53 PM CST

Associated Case Party: Jesse Baker

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Narissa Espinal | | nespinal@arnolditkin.com | 9/27/2021 1:47:50 PM | SENT |
| Jason Itkin | | e-service@arnolditkin.com | 9/27/2021 1:47:50 PM | SENT |
| Jessica Karroum | | JKarroum@arnolditkin.com | 9/27/2021 1:47:50 PM | SENT |
| Noah Wexler | | nwexler@arnolditkin.com | 9/27/2021 1:47:50 PM | SENT |

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| John B.Bireley | | BBireley@arnolditkin.com | 9/27/2021 1:47:50 PM | SENT |